**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| PRISCILLA JIBOWU, Individually and on Behalf of All Other Persons Similarly Situated, | ) ) ) |
| Plaintiff, | ) **COLLECTIVE AND CLASS ACTION** ) **COMPLAINT** |
| v. | ) ) |
| TARGET CORPORATION and TARGET CORPORATION OF MINNESOTA, | ) Jury Trial Demanded ) ) Civil Action No. |
| Defendants. | ) ) ) ) |

## INTRODUCTION

Plaintiff Priscilla Jibowu, individually and on behalf of all others similarly situated, files this Collective and Class Action Complaint (the "Complaint") against Defendants Target Corporation and Target Corporation of Minnesota (collectively, "Target" or "Defendants"), seeking all available relief under 1) the Fair Labor Standards Act of 1938 ("FLSA"), 29 U.S.C. §§ 201, *et. seq.*, 2) New York Labor Law ("NYLL") Article 19 §§ 650 *et seq.* and supporting New York State Department of Labor Regulations and 3) the Illinois Minimum Wage Act, 820 ILCS 105/1 *et seq.* ("IMWL") and the Illinois Wage Payment and Collection Act, 820 ILCS 115/1 *et seq.* ("IWPCA"). The following allegations are based on Plaintiff's personal knowledge and belief and upon information made known to Plaintiff.

## NATURE OF THE ACTION

1. Plaintiff alleges on behalf of herself and other current and former Executive Team Leaders, and similarly situated current and former employees holding comparable positions but different titles, including but not limited to Executive Team Leaders for the Logistics, Food,

Sales Floor, Softlines, and Hardlines, and Replenishment departments (collectively "ETLs"), employed by Defendants in the United States and who elect to opt into this action pursuant to the Fair Labor Standards Act (hereinafter the "FLSA"), 29 U.S.C. § 216(b) (hereinafter the "Collective" or "Collective Action Members"), that they are entitled to, *inter alia*: (i) unpaid overtime wages for hours worked in excess of 40 in a workweek, as required by law, and (ii) liquidated damages pursuant to the FLSA, 29 U.S.C. §§ 201, *et seq.*

2. This action also seeks to recover unpaid overtime compensation under New York Labor Law ("NYLL") Article 19 §§ 650 *et seq.*, as well as supporting New York State Department of Labor Regulations, for Plaintiff and other current and former ETLs who worked more than 40 hours in any workweek at any Target store in New York between June 28, 2011, and the date of judgment in this matter, pursuant to Fed. R. Civ. P. 23 ("New York Class").

3. This action further seeks to recover unpaid overtime compensation under the Illinois Minimum Wage Act, 820 ILCS 105/1 *et seq.* ("IMWL") and Illinois Wage Payment and Collection Act, 820 ILCS 115/1 *et seq.* ("IWPCA"), for Plaintiff and other current and former ETLs, who worked more than 40 hours in any workweek at any Target store in Illinois between June 28, 2007, and the date of judgment in this matter, pursuant to Fed. R. Civ. P. 23 ("Illinois Class").

## JURISDICTION AND VENUE

4. This Court has jurisdiction over Plaintiff's FLSA claims pursuant to 29 U.S.C. § 216(b) and 28 U.S.C. § 1331 and supplemental jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. §§ 1332 and 1367.

5. Venue is proper pursuant to 28 U.S.C. § 1391 because a substantial part of the events or omissions giving rise to the claims occurred in this District and Plaintiff resides in this District.

6. Upon information and belief, Defendants regularly conduct business in this district.

7. This Court is empowered to issue a declaratory judgment pursuant to 28 U.S.C. §§ 2201 and 2202.

## THE PARTIES

### I. The Plaintiff

8. Plaintiff is an individual residing in Brooklyn, New York.

9. During all relevant times, Plaintiff was employed by Target, including, specifically, from August 1, 2016 to the present as a Sales Floor ETL at Defendants' Store No. 1401 located in Bronx, New York, and from July 2010 to July 31, 2016 as a Replenishment ETL at Defendants' Store No. 1889 located in Chicago, Illinois.

10. Plaintiff has consented in writing to be a party to this action, pursuant to 29 U.S.C. § 216(b). *See* Exhibit A.

11. Plaintiff worked in excess of 40 hours per workweek, without receiving wages from Defendants for all hours worked, as well as overtime compensation as required by federal and state laws.

### II. Defendants

12. Defendant Target Corporation is a corporation, organized and existing under the laws of Minnesota, with its corporate headquarters at 1000 Nicollet Mall, Minneapolis, Minnesota.

13. Defendant Target Corporation of Minnesota is a corporation, organized and existing under the laws of Minnesota, with its corporate headquarters at 1000 Nicollet Mall, Minneapolis, Minnesota.

14. According to its most recent 10-K SEC filing, dated March 8, 2017, Defendants operate a chain of 1,802 stores throughout the country, and in 2016 had sales of more than $69 billion.

15. At all times relevant herein, Defendants have been an employer within the meaning of Section 3(d) of the FLSA. 29 U.S.C. § 203(d).

16. At all times relevant herein, Defendants have been an enterprise within the meaning of Section 3(r) of the FLSA. 29 U.S.C. § 203(r).

17. At all times relevant herein, Defendants have been an enterprise engaged in commerce or the production of goods for commerce within the meaning of Section 3(s)(1) of the FLSA because it has had employees engaged in commerce or in the production of goods for commerce, or employees handling, selling, or otherwise working on goods or materials that have moved in or were produced for commerce by any person, 29 U.S.C. § 203(s)(1). Further, Target has had (and has) a gross volume of sales, made or done business in an amount of at least $500,000.

18. At all times relevant herein, Plaintiff and all similarly situated ETLs were engaged in commerce or in the production of goods for commerce as required by 29 U.S.C. §§ 206-207.

19. Defendants issued paychecks to the Plaintiff and all similarly situated employees during their employment.

20. Defendants suffered, permitted or directed the work of Plaintiff and similarly situated employees, and Defendants benefited from work performed by Plaintiff and similarly situated employees.

21. Pursuant to Defendants' policy, pattern, and practice, Defendants did not pay Plaintiff and other similarly situated employees proper overtime wages for hours they worked for Defendants' benefit in excess of 40 hours in a workweek.

## FACTUAL ALLEGATIONS

22. Defendants employed Plaintiff and the Collective and Class Action Members as ETLs.

23. Defendants maintain control, oversight, and discretion over the operation of its retail stores, including its employment practices with respect to Plaintiff and the Collective and Class Action Members.

24. Plaintiff and the Collective and Class Action Members performed work as ETLs that was integrated into the normal course of Defendants' business.

25. Consistent with Defendants' policy, pattern and/or practice, Plaintiff and the Collective and Class Action Members regularly worked in excess of 40 hours per workweek without being paid premium overtime wages, in violation of the FLSA, New York and Illinois law.

26. Defendants scheduled Plaintiff to work 50 hours per week, but Plaintiff actually worked 55-60 hours per week during each week in which she worked five or more shifts, and was not paid overtime compensation for the hours she worked in excess of 40. For example, during the weeks of November 22-29, 2015 and December 18-25, 2016, Plaintiff worked more than 55 hours and was not paid overtime compensation.

27. The number of shifts Plaintiff and each Collective and Class Action Member worked per week can be ascertained from Defendants' records.

28. Target assigned all of the work performed by Plaintiff and the Collective and Class Action Members, and is aware of all the work that they have performed.

29. This work required little skill and no capital investment. Nor did it include managerial responsibilities, or the exercise of meaningful independent judgment and discretion.

30. Throughout the Collective and Class Action Periods (as defined herein), Plaintiff and the Collective and Class Action Members performed the same primary job duties: working the cash registers, stocking shelves, cleaning the store, assisting customers, building displays, unpacking merchandise, and unloading trucks.

31. Throughout the Collective and Class Action Periods, the primary job duties of Plaintiff and all Collective and Class Action Members did not include: hiring, firing, disciplining, or directing the work of other employees, and exercising meaningful independent judgment and discretion.

32. The primary job duties of Plaintiff and all members of the Collective and Class Actions did not materially differ from the duties of non-exempt hourly paid employees, which included many duties that were manual and non-exempt in nature. The performance of manual labor and non-exempt duties occupied the majority of Plaintiff's working hours.

33. Pursuant to a centralized, company-wide policy, pattern and/or practice, Target classified all ETLs and other similarly situated current and former employees holding comparable positions but different titles, as exempt from the overtime provisions of the FLSA, New York and Illinois law.

34. Upon information and belief, Target did not perform a person-by-person analysis of the job duties of ETLs when making the decision to classify all of them uniformly as exempt from the overtime protections of the FLSA, New York and Illinois law.

35. Defendants established labor budgets to cover labor costs for the stores in which Plaintiff and similarly situated ETLs worked. The wages of Defendants' store-level employees were deducted from the labor budgets. However, Defendants did not provide sufficient money in the labor budgets to cover all hours needed to complete the necessary manual and non-exempt tasks in each store. Defendants knew or recklessly disregarded the fact that the underfunding of store labor budgets resulted in Plaintiff and other similarly situated ETLs (who were not paid overtime) working more than 40 hours in a workweek without receiving any additional overtime compensation, which allowed Defendants to avoid paying additional wages (including overtime) to the non-exempt, store-level employees.

36. Defendants knew, by virtue of the fact that their Store Team Leaders and District Team Leaders (as its authorized agents) actually saw Plaintiff and other similarly situated ETLs perform primarily manual labor and non-exempt duties, that as a result of the underfunded labor budgets the amount of money available to pay non-exempt employees to perform such work was limited (and, ultimately, insufficient). Defendants knew that Plaintiff and other similarly situated ETLs were performing the work of non-exempt employees and, based on their actual job duties, ETLs did not fall within any FLSA exemptions or those of New York and Illinois law. Inasmuch as Target is a substantial corporate entity aware of its obligations under the FLSA and the laws of the states where they operate, it acted willfully and/or recklessly in failing to classify Plaintiff and other similarly situated ETLs as non-exempt employees.

37. Defendants are aware or should have been aware, through Store Team Leaders and District Team Leaders (as their authorized agents), that ETLs were primarily performing non-exempt duties. As a retailer operating over 1,800 stores throughout the country, Defendants knew or recklessly disregarded the fact that the FLSA and New York and Illinois law required Defendants to pay non-exempt employees an overtime premium for hours worked in excess of 40 per workweek.

38. Defendants' unlawful conduct, as described above, was willful and/or in reckless disregard of the FLSA, NYLL, IMWL and IWPCA, and was accomplished through Defendants' centralized, company-wide policy, pattern, and practice of attempting to minimize labor costs by violating the FLSA and related New York and Illinois laws.

39. As part of its regular business practice, Target intentionally, willfully, and repeatedly engaged in a policy, pattern, and practice of violating the FLSA and related New York and Illinois laws with respect to Plaintiff and the members of the Collective and Class Actions. This policy, pattern, and practice includes, but it is not limited to, Target's knowledge of its obligations and the kind of work that Plaintiff and the members of the Collective and Class Actions were, and have been, performing. As a result, Defendants have:

    a. willfully misclassified Plaintiff and members of the Collective and Class Actions;

    b. willfully failed to pay Plaintiff and the members of the Collective and Class Actions overtime wages for hours they worked in excess of 40 hours per week; and

  c. willfully failed to provide enough money in its store-level labor budgets for non-exempt employees to perform their duties and responsibilities, forcing ETLs to perform such non-exempt tasks.

40. Defendants' willful violations of the FLSA, NYLL, IMWL and IWPCA are further demonstrated by the fact that during the course of the Collective and Class Action Periods and continuing to the present, Defendants have failed to maintain accurate and sufficient time records for Plaintiff and the members of the Class and Collective Action. Defendants acted recklessly or in willful disregard of the FLSA and of New York and Illinois law by instituting a policy and/or practice that did not allow Plaintiff to record all hours worked.

41. During the Collective and Class Action Periods, Defendants failed to post or keep posted a notice explaining the minimum wage and overtime wage requirements, as required by the FLSA. This failure to post or keep posted a notice explaining the minimum wage and overtime wages was willful and/or in reckless disregard of the Plaintiff's and other similarly situated ETLs' rights under the FLSA.

42. Due to the foregoing, Target's failure to pay overtime wages for work performed by the Collective and Class Action Members in excess of 40 hours per workweek was willful and/or reckless, and has been widespread, repeated and consistent.

## FLSA COLLECTIVE ACTION ALLEGATIONS

43. Pursuant to 29 U.S.C. §§ 207 and 216(b), Plaintiff seeks to prosecute her FLSA claims as a Collective Action on behalf of all persons who are or were formerly employed by Target as ETLs, and individuals holding comparable salaried positions but with different titles, within the United States at any time from three years from the date of the filing of this Complaint to the entry of judgment in this case (the "Collective Action Period").

44. Target is liable under the FLSA for, *inter alia*, failing to pay premium overtime wages to Plaintiff and other similarly situated employees.

45. Upon information and belief, there are likely hundreds of similarly situated current and former ETLs who have not been paid premium overtime wages in violation of the FLSA and who would benefit from the issuance of a court-supervised notice of this lawsuit and the opportunity to join. Thus, notice should be sent to the Collective Action Members pursuant to 29 U.S.C. § 216(b).

46. The similarly situated employees are known to Defendants, are readily identifiable, and can be located through Defendants' records.

## NEW YORK CLASS ALLEGATIONS

47. Pursuant to Fed. R. Civ. P. 23(a), (b)(2) and (b)(3), Plaintiff seeks to prosecute her NYLL claims as a class action on behalf of all persons who are or were formerly employed by Defendants as ETLs at any time from June 28, 2011, to the entry of judgment in this case (the "New York Class Action Period") (collectively, the "New York Class").

48. The persons in the New York Class are so numerous that their joinder is impracticable.

49. There are questions of law and fact common to the New York Class and such questions predominate over questions solely affecting individual members of the New York Class (for example, whether Defendant has misclassified ETLs as exempt from the overtime provisions of the NYLL).

50. Plaintiff's claims are typical of the claims of the New York Class and she is an adequate representative to fairly prosecute the interests of the New York Class, and has retained competent counsel to advance the interests of the New York Class.

51. A class action in superior to other methods of adjudicating the NYLL misclassification claims set forth in this case.

## ILLINOIS CLASS ALLEGATIONS

52. Pursuant to Fed. R. Civ. P. 23(a), (b)(2) and (b)(3), Plaintiff seeks to prosecute her IMWL and IWPCA claims as a class action on behalf of all persons who are or were formerly employed by Defendants as ASMs at any time from June 28, 2007, to the entry of judgment in this case (the "Illinois Class Action Period") (collectively, the "Illinois Class").

53. The persons in the Illinois Class are so numerous that their joinder is impracticable.

54. There are questions of law and fact common to the Illinois Class and such questions predominate over questions solely affecting individual members of the Class (for example, whether Defendant has misclassified ASMs as exempt from the overtime provisions of the IMWL and IWPCA).

55. Plaintiff's claims are typical of the claims of the Illinois Class and she is an adequate representative to fairly prosecute the interests of the Class, and has retained competent counsel to advance the interests of the Class.

56. A class action in superior to other methods of adjudicating the IMWL and IWPCA misclassification claims set forth in this case.

## FIRST CAUSE OF ACTION
### (FLSA: UNPAID OVERTIME WAGES)
### (Brought on Behalf of Plaintiff and All Collective Action Members)

57. Plaintiff, on behalf of herself and all Collective Action Members, re-allege and incorporate by reference paragraphs 1 through 56 as if they were set forth again herein.

58. At all relevant times, Defendants have been, and continue to be, employers engaged in interstate commerce and/or the production of goods for commerce, within the meaning of the FLSA, 29 U.S.C. §§ 206(a) and 207(a).

59. At all relevant times, Defendants employed Plaintiff, and employed or continue to employ, each of the Collective Action Members within the meaning of the FLSA.

60. Target has engaged in a widespread pattern and practice of violating the FLSA, as described in this Complaint.

61. Plaintiff has consented in writing to be parties to this action, pursuant to 29 U.S.C. § 216(b). *See* Exhibits A.

62. The overtime wage provisions set forth in 29 U.S.C. §§ 201, *et seq.*, apply to Target.

63. At all relevant times and continuing to the present, Defendants have had a policy and practice of refusing to pay premium overtime compensation to their ETLs and similarly situated employees in comparable positions but holding different titles, for hours worked in excess of 40 hours per workweek.

64. As a result of Defendants' willful failure to compensate its employees, including Plaintiff and the Collective Action Members, at a rate not less than one and one-half times the regular rate of pay for work performed in excess of 40 hours in a workweek, Defendants have violated and, continue to violate, the FLSA, 29 U.S.C. §§ 201, *et seq.*, including 29 U.S.C. §§ 207(a)(1) and 215(a).

65. As a result of Defendants' willful failure to record, report, credit, and compensate its employees, including Plaintiff and the Collective Action Members, Defendants failed to make, keep, and preserve records with respect to each of its employees sufficient to determine

the wages, hours and other conditions and practices of employment in violation of the FLSA, 29 U.S.C. §§ 201, *et seq.*, including 29 U.S.C. §§ 211(c) and 215(a).

66. As a result of Defendants' policy and practice of minimizing labor costs by underfunding labor budgets for their stores, Defendants knew or recklessly disregarded the fact that Plaintiff and the Collective Action Members were primarily performing manual labor and non-exempt tasks.

67. Due to Defendants' (a) failure to provide enough labor budget funds, (b) failure to take into account the impact of the underfunded labor budgets on the job duties of Plaintiff and the Collective Action Members, (c) actual knowledge, through its Store Team Leaders and District Team Leaders that the primary duties of Plaintiff and the Collective Action Members were manual labor and other non-exempt tasks, (d) failure to perform a person-by-person analysis of Plaintiff's and the Collective Action Members' job duties to ensure that they were performing exempt job duties, (e) policy and practice that did not allow Plaintiff and Collective Action Members to record all hours worked, and (f) failure to post or keep posted a notice explaining the minimum wage and overtime wage requirements, Defendants knew and/or showed reckless disregard that its conduct was prohibited by the FLSA. 29 U.S.C. § 255(a).

68. As a result of Defendants' FLSA violations, Plaintiff, on behalf of herself and the Collective Action Members, are entitled to (a) recover from Defendants their unpaid wages for all of the hours worked by them, as premium overtime compensation; (b) recover an additional, equal amount as liquidated damages for Defendants' willful violations of the FLSA; and, (c) recover their unreasonably delayed payment of wages, reasonable attorneys' fees, and costs and disbursements of this action, pursuant to 29 U.S.C. § 216(b).

69. Target's violations of the FLSA have been willful, thus a three-year statute of limitations applies, pursuant to 29 U.S.C. § 255.

**SECOND CAUSE OF ACTION**
**(NYLL: UNPAID OVERTIME WAGES)**
**(Brought on Behalf of Plaintiff and New York Class)**

70. Plaintiff and the New York Class re-allege and incorporate by reference all allegations in Paragraphs 1 – 69.

71. The overtime wage provisions of Article 19 of the NYLL and its supporting regulations apply to Defendants and protect Plaintiff and the New York Class Members.

72. Defendants have failed to pay Plaintiff and the New York Class Members the overtime wages to which they are entitled under NYLL and supporting New York State Department of Labor Regulations.

73. Through their knowing and intentional failure to pay Plaintiff and the members of the New York Class overtime wage for hours worked in excess of 40 hours per week, Defendants have willfully violated NYLL Article 19 §§ 650 et seq., and supporting New York State Department of Labor Regulations.

74. As a result of Defendants' violation of NYLL, Plaintiff and the New York Class are entitled to recover from Defendants their unpaid overtime wages, reasonable attorneys' fees, costs of this action, and pre-judgment and post-judgment interest.

**THIRD CAUSE OF ACTION**
**(NYLL: FAILURE TO COMPLY WITH WAGE**
**STATEMENT AND RECORD KEEPING REQUIREMENTS)**
**(Brought on Behalf of Plaintiff and New York Class)**

75. Plaintiff and the New York Class re-allege and incorporate by reference all allegations in Paragraphs 1 – 74.

76. NYLL § 195(4) requires, among other things, that Defendants establish and maintain, for at least six years, payroll records showing the hours worked, gross wages, deduction and new wages for each employee.

77. NYLL § 661 requires Defendants to maintain, *inter alia*, true and accurate records of hours worked by each employee covered by an hourly minimum wage rate, and the wages paid to all employees.

78. 12 N.Y.C.R.R. § 142-2.6 requires Defendants to establish, maintain and preserve, for six years, weekly payroll records showing, *inter alia*, each employee's name, wage rate, number of hours worked daily and weekly, amount of gross and net wages, deductions from gross wages, and any allowances claimed as part of the minimum wage.

79. NYLL § 195(3) requires that Defendants furnish each of its employees with a statement with every payment of wages listing gross wages, deductions and net wages, and, upon request of an employee, an explanation of the computation of wages.

80. N.Y.C.R.R. § 142-2.7 requires Defendants to furnish each employee with a statement with every payment of wages listing hours worked, rates paid, gross and net wages, deductions, and allowances, if any, claimed as part of the minimum wage.

81. Defendants did not provide Plaintiff and members of the New York Class with the requisite notices and statements described above.

82. As a result of Defendants failure to comply with the notice and recordkeeping requirements of NYLL § 195(3), Plaintiff and members of the New York Class are entitled to recover penalties from Defendants, as provided by NYLL § 198(1)(d).

### FOURTH CAUSE OF ACTION
### (IMWL: UNPAID OVERTIME WAGES)
### (Brought on Behalf of Plaintiff and Illinois Class)

83. Plaintiff and the Illinois Class re-allege and incorporate by reference all allegations in Paragraphs 1 – 82.

84. At all relevant times, Plaintiff and the Illinois Class Members were employees of Defendant, and Defendant was an employer within the meaning of the IMWL, 820 ILCS 105/3(c).

85. Defendant misclassified Plaintiff and Illinois Class Members as exempt from the overtime provisions of the IMWL and failed to pay them overtime for hours worked in excess of 40 in a workweek.

86. Plaintiff and Illinois Class Members consistently worked more than 40 hours in a workweek without being paid overtime compensation.

87. Plaintiff and Illinois Class Members are entitled to unpaid overtime under the IMWL as well as all other relief provided by law, including prejudgment interest, punitive damages, and attorneys' fees and costs pursuant to §12(a) of the IMWL, 820 ILCS 105/12.

### FIFTH CAUSE OF ACTION
### (IWPCA: UNPAID OVERTIME WAGES)
### (Brought on Behalf of Plaintiff and Illinois Class)

88. Plaintiff and the Illinois Class re-allege and incorporate by reference all allegations in Paragraphs 1 – 87.

89. At all relevant times, Plaintiff and the Illinois Class Members were employees of Defendant, and Defendant was an employer within the meaning of the IWCPA.

90. Defendants intentionally and willfully failed and/or refused to pay Plaintiff and members of the Illinois Class for all work performed in excess of 40 hours per week.

91. Plaintiff and Illinois Class Members are entitled to recover all unpaid wages and overtime compensation, and attorneys' fees and costs pursuant to 820 ILCS 115/1 *et seq.*

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff and the Collective and Class Action Members are entitled to and pray for the following relief:

a. Designation of this action as an FLSA collective action on behalf of Plaintiff and the Collective Action Members and prompt issuance of notice pursuant to 29 U.S.C. § 216(b), to all similarly situated members of the Collective, apprising them of the pendency of this action, permitting them to assert timely FLSA claims in this action by filing individual Consents to Sue pursuant to 29 U.S.C. § 216(b);

b. Certification of this action as a class action on behalf of New York Class Members and prompt issuance of a notice to all similarly-situated persons, apprising them of the pendency of this action, permitting them to opt-out or to be bound by any judgment in the matter;

c. Certification of this action as a class action on behalf of Illinois Class Members and prompt issuance of a notice to all similarly-situated persons, apprising them of the pendency of this action, permitting them to opt-out or to be bound by any judgment in the matter;

d. Equitable tolling of the FLSA statute of limitations as a result of Defendants' failure to post requisite notices under the FLSA;

e. A declaratory judgment that the practices complained of are unlawful under the FLSA, NYLL, IMWL and IWCPA;

f. An injunction requiring Defendants to cease their unlawful practices;

g. An award of unpaid wages for all hours worked in excess of 40 hours in a workweek, at a rate of one and one-half times the regular rate of pay under the FLSA, NYLL, IMWL and IWCPA, the using the following common methodology for calculating damages: ((Annual Salary ÷ 52) ÷ 40) x Total Number of Overtime Hours Worked x 1.5;

h. An award of liquidated and punitive damages as a result of Target's willful failure to pay for all hours worked in excess of 40 hours in a workweek, at a rate of one and one-half times the regular rate of pay pursuant to 29 U.S.C. § 216 and New York and Illinois law;

i. Penalties under NYLL § 198(1)(d) for the Defendants' failure to comply with the notice and recordkeeping requirements of NYLL § 195(3)l;

j. An award of damages representing the employer's share of FICA, FUTA, state unemployment insurance, and any other required employment taxes;

k. An award of prejudgment and post-judgment interest;

l. An award of costs and expenses of this action together with reasonable attorneys' and expert fees and an award of a service payment to the Plaintiff;

m. Such other and further relief as this Court deems just and proper.

## **DEMAND FOR TRIAL BY JURY**

Pursuant to FED. R. CIV. P. 38(b), Plaintiff and the Collective Action Members demand a trial by jury on all questions of fact raised by the Complaint.

Dated: June 28, 2017    By: _____

Seth R. Lesser
Fran L. Rudich
Christopher M. Timmel
KLAFTER, OLSEN & LESSER, LLP
Two International Drive, Suite 350
Rye Brook, NY 10573
Tel: (914) 934-9200
Fax: (914) 934-9220

Marc S. Hepworth
Charlie Gershbaum
David A. Roth
Rebecca S. Predovan
HEPWORTH GERSHBAUM & ROTH, PLLC
192 Lexington Avenue, Suite 802
New York, NY 10016
Tel: (212)545-1199
Fax: (212)532-3801

*Attorneys for Plaintiff, Collective and the New York and Illinois Classes*