# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF NEW YORK

PRISCILLA JIBOWU, Individually and on
Behalf of All Other Persons Similarly Situated,

                  Plaintiff,

- v -

TARGET CORPORATION and TARGET
CORPORATION OF MINNESOTA,

                  Defendants.

No. 17-cv-03875(PKC)(CLP)

## INITIAL CONFERENCE QUESTIONNAIRE

| | |
|---|---|
| Date: | February 16, 2018 |
| Time: | 11:00 a.m. |
| Location: | 225 Cadman Plaza East, Room 1230<br>Brooklyn, NY |
| Judge: | Hon. Cheryl L. Pollak |

Plaintiff Priscilla Jibowu and Defendants Target Corporation and Target Corporation of Minnesota submit the following Initial Conference Questionnaire:

Preliminary statements about discovery:

**Plaintiff's Position:** As is typical in FLSA putative collective actions, discovery should be conducted in phases, with the first phase discovery limited to issues of notice and conditional certification of the collective action and with a second merits phase.  If notice is granted, then the parties should have a second Rule 26(f) conference to discuss the scope and timing of the second-phase discovery, such a conference to be conducted within fourteen days after the Courts ruling(s) on first-phase motions if the notice motion is denied and within seven days after the conclusion of any opt-in period if notice is permitted.  Within seven days after the second Rule 26(f) conference, the parties will submit a Second-Phase Joint Statement Pursuant To Rule 16.1(d), which will address all Rule 16 and 26 topics, including, but not limited to, discovery related to liability merits issues, final certification/decertification of any conditionally-certified FLSA collective action, discovery related to Plaintiffs' Rule 23 motion for class certification of the New York and Illinois State law claims, deadlines for post-discovery motions and any remaining dispositive motions, expert witness disclosures and discovery, and trial issues.

Since FLSA notice motions are considered using a lenient standard, Plaintiffs intend to serve a limited Fed. R. Civ. P. 30(b)(6) Notice of Deposition and focused discovery requests as to first stage issues.  Plaintiffs do not believe there should be discovery or motion practice, as Defendants propose, as to merits issues relating to the individual named and present opt-in Plaintiffs.  There are several reasons why. First, FLSA first stage is not considered to be a "merits" phase but rather a phase to address the propriety of allowing notice to be issued to others similarly situated to permit them to join the case and is adjudicated pursuant to a lenient, modest standard.  Second, if Defendants are permitted to move for summary judgment after first phase discovery, the scope of discovery that Plaintiffs will need to undertake, including electronic and document discovery, will be substantially greater.  For example, to demonstrate the manner in which Plaintiffs were not free to "manage" without direct supervision, there will be ESI discovery, discovery of files and ESI relative to supervisors and possible depositions of supervisors to address the liability merits issues presented by the various exemptions that Defendants have asserted in defense of this action.  Third, Defendants' proposal would necessarily encompass the possibility of piece-meal motions for summary judgment at the phases of the case.  Plaintiffs' believe that experience has shown that in FLSA cases, particularly putative collective actions, a single time and manner for addressing summary judgment should be set so that it is made on a complete and not a potentially haphazard record.

**Defendants' Position:** Defendants agree with Plaintiff that discovery in this case should proceed on a bifurcated first phase/second phase basis, and that if the Court grants conditional certification, the parties should have a second Rule 26(f) conference to discuss the scope and timing of the second-phase discovery.  Defendants further agree with Plaintiff's proposal regarding the timing of that conference.

Defendants disagree with Plaintiff's contention that the first phase of discovery should exclude consideration of the merits of Plaintiff's individual claim. Defendants propose that the initial phase of discovery should include the appropriateness of notice, conditional collective action treatment, and the merits of Plaintiff's and any opt-in plaintiffs' individual claims. Defendants plan to depose Plaintiff and certain opt-in plaintiffs during the first phase of discovery. It would be inefficient to prevent Defendants from inquiring as to the merits of the individual claims during these depositions, therefore requiring that Defendants depose these individuals a second time at a later date. Furthermore, the addition of discovery regarding the merits of Plaintiff's individual claim should not unduly delay consideration of phase one issues. Defendants further propose to bring a motion for summary judgment on Plaintiff's individual claim at the conclusion of the first phase of discovery. An individual motion for summary judgment is appropriate in FLSA putative class actions and can be brought without the danger of piecemeal motions. Should Plaintiff believe she needs additional discovery to oppose the motion, Rule 56(d), Federal Rules of Civil Procedure, provides a process for addressing that.

1. Date for completion of automatic disclosures required by Rule 26(a)(1) of the Federal Rules of Civil Procedure, if not yet made: February 15, 2018.

2. If additional interrogatories beyond the 25 permitted under the federal rules are needed during the first phase of discovery, the maximum number of: plaintiff(s) ___ and defendant(s)_____:

3. Number of depositions by Plaintiff: 5 during the first phase of discovery.

4. Number of depositions by Defendants: 5 during the first phase of discovery.

5. Date for completion of factual discovery:

    **Plaintiff's Position:** May 18, 2018, for first phase of discovery[1]. After the Court decides Plaintiffs' notice motion, Plaintiffs believe, as set forth above, that further scheduling would need to be addressed at that time.

    **Defendants' Position:** May 18, 2018, for the first phase of discovery. After the Court decides Plaintiff's motion for conditional certification and Defendants' dispositive motion, the parties will propose a reasonable schedule for any remaining discovery, if necessary. The parties believe that a status conference would be appropriate at that time to set the remaining schedule for the adjudication of the case.

6. Number of expert witnesses of Plaintiff:

    **Plaintiff's Position:** During the first phase of discovery, disclosures relating to the expert witness to be made by April 18, 2018. Defendants then must disclose any expert

---

[1] Plaintiffs' 90 day discovery deadline is contingent on limited first phase discovery. As noted above, Defendant is seeking leave to move for summary judgment and/or other relief at the completion of first-phase discovery. If such discovery is permitted, then the dates that Plaintiffs propose (with the exception of amending the pleadings and Rule 26(a)(1) disclosure) should be moved back an additional 30 days.

2

witnesses who may provide rebuttal testimony on or before April 30, 2018. (Subject to footnote 1, above).

**Defendants' Position:** 1 during the first phase of discovery. Disclosures relating to the expert witness must be made by April 18, 2018. Defendants then must disclose any expert witnesses who may provide rebuttal testimony on or before April 30, 2018.

7. Number of expert witnesses of Defendants:

   **Plaintiff's Position:** See response to item 6, above.

   **Defendants' Position:** 1 during the first phase of discovery. Disclosures relating to the expert witness must be made by April 18, 2018. Plaintiff then must disclose any expert witnesses who may provide rebuttal testimony on or before April 30, 2018.

8. Date for completion of expert discovery:

   **Plaintiff's Position:** May 18, 2018, for first phase of discovery. (Subject to footnote 1, above).

   **Defendants' Position:** May 18, 2018, for first phase of discovery.

9. Time for amendment of the pleadings by Plaintiff or Defendants: February 15, 2018.

10. Any motion to join additional parties must be filed by February 15, 2018. This deadline does not apply to putative members of the FLSA collective until such time as the Court decides conditional certification.

11. Types of contemplated dispositive motions:

    **Plaintiff's Position:** No dispositive motion practice presently contemplated; however, Plaintiffs do anticipate moving for Section 216(b) notice and conditional certification at the close the first stage, as discussed above.

    **Defendants' Position:** Summary judgment and class decertification (if applicable).

12. Dates for filing contemplated dispositive motions:

    **Plaintiff's Position:** Plaintiffs' motion for conditional certification to be filed by July 2, 2018. Defendants' opposition to the motion to be due 30 days after service of the motion. Plaintiffs' reply memorandum in support of the motion to be due 14 days after service of Defendants' opposition. After the Court rules on conditional certification, the court will set down this action for a second Rule 26(f). (See footnote 1, above).

    **Defendants' Position:** Plaintiff's motion for conditional certification will be filed by June 29, 2018. Defendants' opposition to the motion will be due 32 days after service of the motion. Plaintiff's reply memorandum in support of the motion will be due 14 days after service of Defendants' opposition. After the Court rules on conditional certification,

3

the parties will agree on a date for class certification and decertification of the collective, if one is certified.

With respect to Defendants' motion for summary judgment:

**Plaintiff's Position:**  As detailed above, Plaintiffs believe that any dispositive motions, including those for summary judgment, should be made at the completion of second stage discovery.

**Defendants' Position:**  Consistent with their position on first-phase discovery explained above, because merits discovery with respect to the claims of Plaintiff and opt-in plaintiffs would occur in the first phase, the deadline for Defendants' motion for summary judgment should be set for the same date as Plaintiff's motion for conditional certification, June 29, 2018.

13. Have counsel reached any agreements regarding electronic discovery? The parties will submit a separate Stipulation and Order for discovery of electronically stored information. The discovery of electronically stored information, however, shall be governed by Federal Rule of Civil Procedure 34(b)(2)(D) and (E), unless otherwise agreed to by the parties and/or ordered by the Court.

14. Have counsel reached any agreements regarding disclosure of experts' work papers (including drafts) and communications with experts? The parties currently do not anticipate expert discovery during the first discovery phase (although their responses above do set a date for expert disclosures in case an expert is used), but will submit a separate Stipulation and Order for discovery of expert reports.

15. Will the parties consent to trial before a magistrate judge pursuant to 28 U.S.C. § 636(c)? (Answer no if any party declines to consent without indicating which party has declined.)

    Yes _____   No __X__

<table>
<tr><td>

Dated: Rye Brook, New York
      February 12, 2018

By:   /s/ *Seth R. Lesser*
    SETH R. LESSER
    FRAN L. RUDICH
    CHRISTOPHER M. TIMMEL
    KLAFTER OLSEN & LESSER LLP
    2 International Drive, Suite 350
    Rye Brook, New York 10573
    Telephone: (914) 934-9200
    Facsimile: (914) 934-9220
    seth@klafterolsen.com
    fran@klafterolsen.com
    Christopher.timmel@klafterolsen.com

    MARC S. HEPWORTH
    CHARLES GERSHBAUM
    REBECCA SOLOMAN PREDOVAN
    DAVID A. ROTH
    HEPWORTH GERSHBAUM & ROTH, PLLC
    192 Lexington Avenue, Suite 802
    New York, New York 10016
    Telephone: (212) 545-1199
    Facsimile: (212) 532-3801
    marc@hgrlawyers.com
    CGershbaum@hgrlawyers.com
    rpredovan@hgrlawyers.com
    droth@hgrlawyers.com

*Attorneys for Plaintiff, Putative Collective, and Putative New York and Illinois Classes*

</td><td>

Dated: New York, New York
      February 12, 2018

By:   /s/ *Jeffrey D. Wohl*
    JEFFREY D. WOHL (admitted *pro hac vice*)
    PAUL HASTINGS LLP
    101 California Street, 48th Floor
    San Francisco, California 94111
    Telephone: (415) 856-7000
    Facsimile: (415) 856-7100
    jeffwohl@paulhastings.com

    SARA B. TOMEZSKO
    PAUL HASTINGS LLP
    200 Park Avenue
    New York, New York 10166
    Telephone: (212) 318-6000
    Facsimile: (212) 319-4090
    saratomezsko@target.com

    JOSEPH G. SCHMITT (admitted *pro hac vice*)
    DAVID A. JAMES (admitted *pro hac vice*)
    JOEL D. O'MALLEY (admitted *pro hac vice*)
    NILAN JOHNSON LEWIS PA
    120 South Sixth Street, Suite 400
    Minneapolis, Minnesota 55402
    Telephone: (612) 305-7500
    Fax: (612) 305-7501
    jschmitt@nilanjohnson.com
    djames@nilanjohnson.com
    jomalley@nilanjohnson.com

*Attorneys for Defendants*
TARGET CORPORATION and
TARGET CORPORATION OF MINNESOTA

</td></tr>
</table>

## **CERTIFICATE OF SERVICE**

      I hereby certify that on February 12, 2018, a copy of the foregoing initial conference questionnaire was filed electronically and served by mail on anyone unable to accept electronic filing. Notice of this filing will be sent by e-mail to all parties by operation of the Court's electronic filing system or by mail to anyone unable to accept electronic filing as indicated on the Notice of Electronic Filing. Parties may access this filing through the Court's CM/ECF System.

                                                              /s/ *Jeffrey D. Wohl*
                                                                 Jeffrey D. Wohl