UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------X
PRISCILLA JIBOWU, on behalf of herself
and all others similarly situated,

                         Plaintiffs,

              -against-                      **ORDER**
                                                17 CV 3875 (PKC) (CLP)

TARGET CORPORATION, *et al.*,

                         Defendants.
----------------------------------------------------------X
**POLLAK**, United States Magistrate Judge:

On June 28, 2017, plaintiff Priscilla Jibowu commenced this action, pursuant to the Fair Labor Standards Act ("FLSA"), bringing claims of overtime violations on behalf of herself and other similarly situated employees of Target Corporation ("Target"). Currently pending before this Court is a dispute as to the locations of the depositions of the opt-in plaintiffs and the sufficiency of plaintiffs' responses to defendants' request for post-Target employment.

A. <u>Location of Opt-in Depositions</u>

Defendants served Notices of Deposition on the plaintiff and four opt-in plaintiffs, with each deposition to take place in Minneapolis, Minnesota. (Pls.' Ltr. at 1).[1] The parties have met and conferred and while defendants agree to consider other locations, they insist that all of the depositions take place in one location. (Id.) Since plaintiff commenced this action in New York, she is willing to appear here for her deposition. (Id. at 2). However, the opt-in plaintiffs reside in Hamilton, Ohio, Cleveland, Ohio, Covington, Louisiana, and Oklahoma City, Oklahoma.

---

[1] Citations to "Pls.' Ltr." refer to the plaintiffs' letter filed with the Court on July 6, 2018, ECF No. 40.

(Defs.' Ltr. at 1, n.1).[2] Target insists that it has the right to take the opt-ins' depositions in New York but is willing to accept an alternative central location. (Id. at 2).

Defendants cite a number of cases in which New York district courts have held that a "'non-resident plaintiff who chooses this district as his forum [must] appear for deposition in this forum absent compelling circumstances.'" (Id. (quoting MPD Accessories B.V. v. Target Corp., No. 12 CV 7259, 2013 WL 1200359, at *1 (S.D.N.Y. Mar. 1, 2013)). However, as plaintiffs note, numerous courts have recognized that in the context of FLSA actions, different considerations apply. (Pls.' July 6, 2018 Ltr. at 2 (citing Goodman v. Burlington Coat Factory Warehouse Corp., 292 F.R.D. 230, 235 (D.N.J. 2013); Smith v. Family Video Movie Club, Inc., No. 11 CV 1773, 2012 U.S. Dist. LEXIS 142827, at *8 (N.D. Ill. Sept. 27, 2012); Gee v. Suntrust Mort., Inc., No. 10 CV 1509, 2011 U.S. Dist. LEXIS 131935, at *7 (N.D. Cal. Nov. 15, 2011); Allen v. Sears Roebuck & Co., No. 07 CV 11706, 2010 U.S. Dist. LEXIS 33080 (E.D. Mich. April 5, 2010)). As the court in Brasfield v. Source Broadband Servs., Inc., recognized, the burden imposed by requiring opt-in plaintiffs who did not choose the forum to appear for deposition in the venue where the suit was brought is likely to dissuade them from joining the collective action and undermine the purpose of the collective action procedure. 255 F.R.D. 447, 450 (M.D. Tenn. 2008).

> Had the opt-in plaintiffs not joined this suit they would be forced to file an individual suit in their home forum, thus destroying the benefit to the judicial system of a collective action and efficient resolution of the matter . . . Furthermore, considering the policy behind the FLSA encouraging collective actions so that plaintiffs may pool their resources, requiring out-of-state opt-in plaintiffs to travel to Memphis for a deposition would place a burden on them that would cancel much of the benefit gained by joining in the collective action.

---

[2] Citations to "Defs.' Ltr." refer to defendants' letter filed with the Court on July 6, 2018, ECF No. 39.

Id. In Hoffmann-La Roche, Inc. v. Sperling, the Supreme Court explained that one of the FLSA's goals was to "lower individual costs to vindicate rights by the pooling of resources." 493 U.S. 165, 179 (1989). Requiring FLSA opt-ins to travel hundreds of miles from their homes and spend hundreds of dollars on airfare and lodging expenses in order to be deposed would "significantly reduce[] or even eliminate[]" the cost-saving benefits of the FLSA collective action. Gee v. Suntrust Mort., Inc., 2011 U.S. Dist. LEXIS 131935, at *7; see also Smith v. Family Video Movie Club, Inc. 2012 U.S. Dist. LEXIS 142827, at *8 (noting that "[r]equiring . . . opt-ins to travel to this judicial district would be burdensome and would undermine the benefits of the collective FLSA action").

Courts have ordered that opt-in plaintiffs be deposed either near where they reside, see, e.g., Forauer v. Vermont Cnty. Store, Inc., 12 CV 276, 2014 U.S. Dist. LEXIS 79234 at *17-23 (D. Vt. June 11, 2014); Brasfield v. Source Broadband Servs., Inc., 255 F.R.D. at 450, or by phone or video conference. See, e.g., Gee v. Suntrust Mort., Inc., 2011 U.S. Dist. LEXIS 131935, at *7. As this Court noted in Morangelli v. Chemed Corp., the "marginal difference between a live deposition and a video deposition. . . is too insubstantial to warrant the enormous expense of flying lawyers or witnesses all over the country." No. 10 CV 876, 2010 U.S. Dist. LEXIS 139138, at *1 (E.D.N.Y. Nov. 9, 2010).

Given the purposes and goals of the FLSA, and considering the disparity in resources between the defendant Target, a national corporation with stores all over the United States, and the resources of the opt-in plaintiffs, the Court Orders that defendants depose the opt-ins in or near the locations of their respective residences, or conduct the depositions via telephone or videoconference as permitted by the Federal Rules of Civil Procedure. See Fed. R. Civ. P. 30(b)(4).

B. <u>Post-Target Employment Discovery</u>

The parties also raise a dispute over the scope of defendants' request for post-Target employment records. Target seeks production of information regarding the plaintiff's and the opt-ins' employment after leaving Target, including the employers' names, last known business addresses, and telephone numbers, supervisors' names, dates of employment, job titles and job duties. (Defs.' Ltr at 4). Defendants argue that this information is relevant in that the plaintiffs allege that they were misclassified as exempt from overtime and did not perform managerial duties. (Id.) Target seeks their post-Target employment information to determine what they may have said to subsequent or potential employers about their credentials and work experiences at Target that may contradict their claims in this case as to their responsibilities. (Id.)

Plaintiffs respond that they have named every employer they worked for after Target, including the dates and location of their employment, and provided their resumes.[3] (Pls.' Ltr. at 3). They object to providing the names of all supervisors because they are concerned that this would negatively impact them in their current positions and cause them to abandon their claims in this case. (Id.) They contend that not only is this information not relevant but that the chilling effect of the defendants contacting their current supervisors outweighs any potential gain that defendant might achieve from the information. (Id.)

This Court agrees. The FLSA was designed for individual enforcement through employee complaints, and the Supreme Court has stated that effective enforcement can "only be expected if employees [feel] free to approach officials with their grievances . . . Fear of economic retaliation might often operate to induce aggrieved employees quietly to accept

---

[3] Plaintiffs additionally informed the Court that Target has served eight third-party subpoenas on current and former employees of Plaintiffs. (Pls.' Ltr. at 3). The Court assumes that the plaintiffs intended to convey that Target has served eight third-party subpoenas on current and former employers of the plaintiffs.

4

substandard conditions." Mitchell v. Robert DeMario Jewelry, Inc., 361 U.S. 288, 292 (1960). In light of the purposes and enforcement mechanisms of the FLSA, discovery regarding employee credibility is relevant but "does not outweigh the public interest in allowing employees to enforce their rights." Rengifo v. Erevos Enterprises, Inc., No. 09 CV 4266, 2007 WL 894376, at *3 (S.D.N.Y. Mar. 20, 2007).

The issue in this case is what the plaintiffs' job duties and responsibilities were when they were employed by Target and whether those duties in fact qualified them as exempt under the FLSA. Certainly Target has access to its own business records and the names of the plaintiffs' supervisors while at Target to establish that the plaintiffs were properly classified as exempt. Moreover, what is at issue in this case is whether plaintiffs were properly classified when they were employed by Target, not what they may have conveyed to specific subsequent supervisors. See, e.g., Martinez v. Hilton Hotels Corp., 930 F.Supp. 2d 508, 525 n. 16 (S.D.N.Y. 2013) (citing Ale v. TVA, 269 F.3d 680, 688 (6th Cir. 2001) for the proposition that "whether an employee is covered by an exemption to the FLSA overtime requirements does not depend on an employee's general characterization of his or her job in a resume designed to enhance the employee's duties and responsibilities to obtain a job . . . What is important is what an employee actually does on a day-to-day basis"). Generally, information "from or about plaintiffs' current employers is irrelevant in determining whether the defendant-employers violated wage and hour laws." Rosas v. Alice's Tea Cup, LLC, 127 F. Supp. 3d 4, 11-12 (S.D.N.Y. 2015) (citing cases).

What the plaintiffs may have told subsequent employers in their applications for employment or perhaps said to a supervisor at some point during their post-Target employment may be marginally relevant to an individual's credibility, but that marginal relevance is far outweighed by the risk that by contacting plaintiffs' current or prospective supervisors,

defendant will jeopardize the current employment opportunities or at the very least, cause the plaintiffs such concern over their employment that they withdraw from the suit.

Accordingly, the Court finds that the information provided by plaintiffs to date in response to this request is more than sufficient.

## CONCLUSION

In light of the above, the Court Orders that defendants depose the opt-in plaintiffs in or near the locations of their respective residences, or conduct the depositions via telephone or videoconference as permitted by Fed. R. Civ. P. 30(b)(4). The Court additionally denies defendants' motion to compel additional responses concerning plaintiffs' post-Target employment.

The Clerk is directed to send copies of this Order to the parties either electronically through the Electronic Case Filing (ECF) system or by mail.

**SO ORDERED.**

Dated: Brooklyn, New York
September 17, 2018

_____
Cheryl L. Pollak
United States Magistrate Judge
Eastern District of New York