

## HEPWORTH, GERSHBAUM & ROTH, PLLC.

192 LEXINGTON AVENUE, SUITE 802, NEW YORK, NEW YORK 10016
HGRLAWYERS.COM T: (212) 545-1199 F: (212) 532-3801

October 10, 2018

**VIA ECF**
The Honorable Cheryl L. Pollak
United States District Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn, NY 11201

   Re: *Jibowu v. Target Corporation, et al.*
     No. 1:17-cv-03875 (PKC)(CLP)

Dear Judge Pollak:

  With co-counsel, we represent the named and opt-in Plaintiffs ("Plaintiffs") in this action, and write in response to Defendants' (collectively, "Target") letter requesting a supplemental deposition of the named Plaintiff, Pricilla Jibowu. *See* Dkt. No. 45. As the Court is aware, in this matter Plaintiffs allege that Target misclassified Plaintiff and the putative collective as exempt from the overtime provisions of the Fair Labor Standards Act ("FLSA"). A status conference is scheduled with the Court on October 16, 2018.

  Defendants' have moved for unusual relief: to reopen a deposition when they had seven and a half hours of testimony. They claim that Ms. Jibowu was evasive but they literally rely upon a few pages from what is a **426 page transcript**. While we address their contentions in more detail below, unlike Defendants, we are providing to the Court the entirety of that transcript, as the Court can readily see Ms. Jibowu answered literally hundreds of questions forthrightly. That Defendants are unhappy with her testimony and a few of her responses simply does not open the door to reopening her deposition. Indeed, it is telling that rather than seeking to compel the answer to any specific questions, Defendants simply seek to get a "do over" – another shot at deposing Ms. Jibowu.

  First, Defendants were afforded every opportunity to explore the topics for which it now seeks a supplemental deposition. Ms. Jibowu was deposed on September 17, 2018 and her deposition ran from 9:48 a.m. to 8:15 p.m., together with Target's redirect, it examined Ms. Jibowu for over seven and a half hours. While Target asserts that Ms. Jibowu failed to answer its questions a careful review of the full record reveals otherwise. And, unlike the cases cited by Target, they seek further deposition testimony in connection with questions for which it already has answers.[1] For example, Target states that it seeks evidence of Plaintiff disciplining and

---

[1] Target's own cases show that good cause must be established by the party seeking additional deposition time and that such good cause can only be found after "a full reading of the deposition transcript", despite this, Target choose to only provide a small excerpt of the deposition testimony, which cannot possibly carry Target's burden. *Calderon v. Symeon*, 2007 WL 735773,

Hon. Cheryl L. Pollak
October 10, 2018
Page 2 of 4

coaching employees, interviewing and selecting new team members, instances of recommending team members for promotion, details of Target's wage statement violations, admissions of managerial accomplishments (which confusingly Target also asserts it already has in the form of admissions made within Plaintiffs' annual performance evaluations).  If true, this is all information, which Target would have documentation of in its own files or could be acquired from other Target employees.  Similarly, the details which Defendants say they need concerning Plaintiffs' wage statements claims can be found on Plaintiffs actual wage statements (which are already in their possession), so, clearly, this is nothing more than a ruse.

With respect to hiring new team members and promotion recommendations, Target already has testimony directly responsive to this topic, from which it is clear further examination will not prove fruitful, "Q. Hiring or promoting, I believe. Did you do that? A. No. I wasn't responsible for hiring and promotions." Jibowu Tr. (Ex. 1) 231:8-231:12.[2] Defendants also elicited the following testimony regarding coaching, "Q. You're not aware whether a team member shows up for work or not? A. I'm aware if it happens on shift, but as far as like when it comes to coaching or whatnot, all of that is approved and goes through HR and gets documented and they say, hey, deliver this or not." *Id.* at 306:21-307:2.

In short, regretting the answer received is not a basis for seeking supplemental testimony on the same point.  For example, Defendants state that Ms. Jibowu was evasive in how she answered questions about training.  Again, the transcript is instructive here and Ms. Jibowu's forthright testimony demonstrates that further examination is not necessary on the topics complained of by Defendants.  When question about training Ms. Jibowu testified as follows, "A. Our training was handled by HR. Leading the team, the team pretty much knew what the workload was and what to do. Q. You think training was handled by HR? A. Yes. Q. You don't think as the ETL part of your job was to train your team members how to do things? A. To train hourly team members? Q. Yes. A. No." *Id.* at 223:21-224:7.

Defendants also complain that Plaintiff would not state that she was supervising employees, however she very clearly explained that she did not think that supervising employees was a part of her job as an ETL.  On this point Plaintiff Jibowu provided the following

---

at *1–2 (D.Conn. Feb. 2, 2007)(black letter law citations aside, this case is highly distinguishable and resulted in an order explaining to the pro se litigant in that case the necessity of answering all questions unless privilege is asserted); *see also Williams v. Fire Sprinkler Associates Inc*., 2017 WL 1156012, at *4 (E.D.N.Y. March 27, 2017)(denying motion for additional deposition time as full transcript was not provided and the sections submitted did not establish good cause for the movant's application).

[2] Pursuant to the proposed protective order in this matter and this Court's local rules Plaintiffs conferred with Defendants concerning filing the full transcript in this action.  Plaintiffs were informed that it would take Defendants a full thirty days to advise us as to whether it would maintain the confidential designations that it placed on the record for the Jibowu transcript, Defendants' refusal to advise concerning the document's final designation, regrettably forces Plaintiffs to file a motion to seal the transcript, even though Plaintiffs are not the party advancing the confidential designation. Exhibit "1"to this document will be attached to Plaintiffs' letter motion to seal.  *See* Dkt. No. 46.

Hon. Cheryl L. Pollak
October 10, 2018
Page 3 of 4

testimony, "Q. Not directing the team members to do the work? A. The team members pretty much know what they are coming in to do. Q. Not supervising them in the performance of their work? A. I'm sorry.  Not supervising them in the performance of their work.  You're going through and making sure everything is getting done as you're pushing with them. Q. Not making adjustments or change as needs require? A. The work process is pretty much laid out and you follow the work process. Q. Other than the fact that you're an extra body there, what value are you adding to the replenishment function?  Being an extra body there to finish up the work that is not finished." *Id.* at 206:18-207:11

Second, it is further worth pointing out, that the seven and half hours Defendants had is well more than is even routine in FLSA putative collections actions where courts frequently limit the duration of depositions to *less than the 7 hours* afforded in Fed. R. Civ. P. 30. *See*, *e.g.*, *Halleen v. Belk, Inc.*, No. 4:16-CV-00055, 2017 WL 1495085, at *1 (E.D. Tex. Apr. 26, 2017) (limiting depositions to "6.8% of the opt-in plaintiffs, or 25 opt-in plaintiffs" and allowing ten seven–hour depositions and fifteen four hour depositions.); *Allen v. Sears Roebuck and Co.*, C.A. No. 07-CV-11706, 2010 WL 1417644, at *3 (E.D. Mich. Apr. 5, 2010) (limiting depositions to three hours each); *Goodman v. Burlington Coat Factory Warehouse Corp.*, 292 F.R.D. 230, 234 (D.N.J. 2013) (staggering deposition time limits, for named plaintiffs 7 hours and opt-ins 3.5 hours); *Lawson v. Love's Travel Stops & Country Stores, Inc.*, 2018 WL 3524640, at *1 (M.D.Pa. June 26, 2018) (affording defendants five opt-in depositions, not to exceed four hours in duration, for a conditionally certified FLSA collective of 368).  This is done because defendants in actions such as this are afforded the opportunity to acquire deposition testimony from both named plaintiffs and opt-ins.  Meaning that the overall amount of deposition time is already substantial and generally affords a large measure of repetition as it seeks information concerning the same pay scheme and duties of Target's ETLs.

Plaintiffs would further note that Defendants' case litigation strategy is clearly to impose additional cost and expense on Plaintiffs' and their attorneys.  As this Court is already aware of, (*see* Dkt. No. 39) Defendants, contrary to the established practice in this district sought to compel the Opt-ins in this action to travel distances to be deposed.  Since her time at Target ended, Ms. Jibowu, has moved out of state.  Although Plaintiff Jibowu acknowledges and will fully fulfill her duties as a named Plaintiff in this action, these obligations do not mean that Defendants should be able to use a deposition as a mechanism for harassment.  She has already taken two days off from work and will have a number of other commitments related to her role as named Plaintiff in this action.  The Court should continue to be critical of Defendants' burdensome and harassing efforts,

Plaintiffs feel obligated to make one final point about Ms. Jibowu's deposition.  At it, Defendants purposefully entered as an exhibit a document that it failed to disclose prior to the deposition.  In what appears to be unusually sharp practice, Defendants did not inform counsel that it was an undisclosed document **and** Defendant concealed the lack of a Bates stamp on the document, (which would have indicated that same was never disclosed) by pre-marking this document outside of the deposition room with an Exhibit Tab directly over where the Bates number customarily is placed.  When a copy of the pre-marked exhibit was presented to counsel, the lack of a Bates number (which would indicate that the document was not disclosed) was concealed.  Only after the fact, did an examination of the original exhibit, reveal that there was no bates stamp under the exhibit tab.  When Plaintiffs addressed this tactic at the deposition,

Hon. Cheryl L. Pollak
October 10, 2018
Page 4 of 4

Plaintiff's counsel was informed that Target believed that it had no obligation to disclose documents to Plaintiffs in advance of deposition, nor an obligation to tell plaintiffs that they were questioning the plaintiff on documents not previously disclosed.

      Plaintiffs thank the Court for its attention to this matter.  Do not hesitate to contact the undersigned at 212-545-1199 with questions.

                        Respectfully submitted,

                        *s/ Rebecca S. Predovan*
                        Rebecca S. Predovan, Esq.