# PAUL HASTINGS

**Jeffrey D. Wohl**
415 856 7255
jeffwohl@paulhastings.com

October 16, 2018                                                                                                    32027.00105

**VIA ECF**

Hon. Cheryl L. Pollak
United States District Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

Re:     *Jibowu v. Target Corp.*, U.S.D.C., E.D.N.Y., No. 1:17-cv-03875(PKC)(CLP)

Dear Magistrate Judge Pollak:

This letter replies to Ms. Jibowu's letter of October 10, 2018 (ECF 47).[1]

### Target Should Be Allowed to Complete Ms. Jibowu's Deposition

At the very minute Ms. Jibowu's deposition reached seven hours, her counsel interrupted Target's examination, in the middle of questions about an exhibit, to announce that Target's examination had ended. Ms. Jibowu's counsel then proceeded to spend a half-hour conducting his own examination, after which he refused to allow Target to pursue its line of further questioning. (Jibowu Depo., 373:1–8.)[2] Target now seeks an additional half-day to complete the deposition of Ms. Jibowu, the named plaintiff in this large and complex class and collective action. It has offered to conduct the deposition near Ms. Jibowu's residence in Fort Worth, Texas. The parties already are in the process of working out dates for depositions of two opt-in plaintiffs in Dallas, and Ms. Jibowu's deposition could be taken on the same trip to minimize travel expenses. Contrary to Ms. Jibowu's assertions, there is nothing extraordinary or harassing about this request.

The very rule Ms. Jibowu cites to oppose Target's request also states, "The court *must* allow additional time consistent with Rule 26(b)(1) and (2) if needed to fairly examine the deponent or if the deponent, another

---

[1]     Ms. Jibowu's counsel suggest that Target acted improperly by only submitting portions of her deposition transcript with its opening October 3, 2018, letter. But as counsel's Exhibit 2 demonstrates, the parties are still within the 30-day period to review and designate portions of the transcript confidential, which ends on October 17, 2018. So as not to unnecessarily abridge either party's right to use that time, Target selected only 22 pages of the transcript to attach to its initial letter, and presented opposing counsel with the opportunity to review those pages before placing them on the docket. And as the Court and counsel are aware, the purpose of these letters is to alert the Court to discovery disputes prior to filing formal motions. *See* Magistrate Judge Cheryl L. Pollak's Individual Motion Practices and Rules, Motion Procedures and Rules, Rule 1. Had the Court directed the parties to engage in formal motion practice, Target would have attached all non-confidential portions of the deposition transcript to its motion to be filed *after* the time period to make confidentiality designations had elapsed. There is no gamesmanship evident in Target's conduct here, only a desire to respect the parties' carefully negotiated protective order and this Court's rules of practice.

[2]     It bears noting that the Advisory Committee Notes to Rule 30(d)(1), Federal Rules of Civil Procedure, counsel that "preoccupation with timing is to be avoided."

Paul Hastings LLP  |  101 California Street  |  Forty-Eighth Floor  |  San Francisco, CA 94111
t: +1.415.856.7000  |  www.paulhastings.com

LEGAL_US_W # 96100020.7

PAUL HASTINGS

Hon. Cheryl L. Pollak
October 16, 2018
Page 2

person, or any other circumstance impedes or delays the examination." Fed. R. Civ. P. 30(d)(1) (emphasis supplied). Indeed, the Advisory Committee Notes to the rule state that the seven-hour limitation is "presumptive only," and direct parties to "agree to additional time, as when, during the taking of a deposition, it becomes clear that some additional examination is needed." Fed. R. Civ. P. 30(d)(1) Advisory Committee Notes, 1993 amendment, subdivision (d). Relying on these principles, courts routinely exercise their discretion to enlarge deposition time limitations. *See, e.g., Johnson v. J. Walter Thompson Co., LLC*, No. 16 Civ. 1805 (JPO)(JCF), 2017 U.S. Dist. LEXIS 176815, at *3 (S.D.N.Y. Oct. 25, 2017) (ordering plaintiff to appear for continued deposition for additional ten hours, and defendant to appear additional seven hours of deposition); *Yeti Coolers, LLC v. RTIC Coolers, LLC*, A-15-CV-597-RP, 2016 WL 8677303, at *4-5 (W.D. Tex. Dec. 30, 2016) (granting defendant additional three-and-a-half hours to complete deposition of corporate representative over plaintiff's objection that defendant had not managed deposition time efficiently); *Holmes v. N. Tex. Health Care Laundry Coop. Ass'n*, No. 3:15-cv-2117-L, 2016 WL 2609995, at *4 (N.D. Tex. May. 6, 2016) (granting defendant additional three hours of deposition—even where plaintiff had already been deposed in excess of presumptive seven-hour time limit—given volume of relevant documents to cover with plaintiff, and proposed additional areas of questioning did not appear to be unreasonably cumulative or duplicative); *Smith v. Hewlett-Packard Co.*, Case No. 2:15-cv-484-GMN-VCF, 2015 WL 9294572, at *2 (D. Nev. Dec. 21, 2015) (granting plaintiffs additional time to depose witness because deponent "is an important witness and possesses information relevant to each of Plaintiffs' claims," his "oral testimony is an efficient manner for Plaintiffs' to obtain relevant information on their claims," and "the burden on [defendant] to produce [witness] for a second deposition is outweighed by the benefit of the additional information Plaintiffs will obtain from [witness]"); *Caputi v. Topper Realty Corp.*, No. 14-cv-2634(JFB)(SIL), 2015 WL 4139392, at *1, *3-4 (E.D.N.Y. Jul. 9, 2015) (granting defendants' motion for an additional two hours to depose plaintiff, on top of extra three hours previously granted); *Umbach v. Carrington Inv. Partners (US), LP*, No. 3:08 CV 484 (EBB), 2012 WL 4854657, at *2 (D. Conn. Oct. 11, 2012) (granting defendant additional three-and-one-half hours to address questions defense counsel did not have opportunity to ask at deposition); *Renaissance Nutrition, Inc. v. Jarrett*, 747 F. Supp. 2d 374, 378 (W.D.N.Y. 2010) (granting moving party extra three hours to complete deposition of opposing party based in part on "complex and highly contentious nature of the claims"); *Rahman v. Smith & Wollensky Rest. Grp., Inc.*, No. 06 Civ. 6198 (LAK)(JCF), 2009 U.S. Dist. LEXIS 3510, at *11-12 (S.D.N.Y. Jan. 7, 2009) (allowing six additional hours for plaintiff to be deposed despite not having previously exhausted Fed. R. Civ. P. 30(d)(1)'s seven-hour rule where "[t]he complaint alleges a variety of discriminatory employment practices, a hostile work environment, and unlawful retaliation, and demands compensatory and punitive damages" and defendants still needed to explore several topics in further detail, such as plaintiff's alleged damages and mitigation efforts). Target's request here for a modest additional half day of deposition time is hardly the "unusual relief" of which Ms. Jibowu complains.

The cases cited in Ms. Jibowu's letter do not demonstrate why her deposition should be limited to seven hours. Nor do they support the proposition that courts frequently limit depositions in FLSA cases to fewer than seven hours. In *Halleen v. Belk, Inc.*, for example, the court expressly *rejected* the plaintiffs' request to limit all depositions of named and opt-in plaintiffs to four hours, ordering instead that the defendants have the opportunity to depose some of the opt-in plaintiffs for seven hours each. No. 4:16-CV-00055, 2017 WL 1495085, at *2 (E.D. Tex. Apr. 26, 2017). In *Allen v. Sears Roebuck and Co.*—which was not an FLSA case as Ms. Jibowu represents, but rather a case brought under the ADEA—the court's time limitations were imposed in recognition of the fact that the plaintiffs possessed limited personal

**PAUL HASTINGS**

Hon. Cheryl L. Pollak
October 16, 2018
Page 3

knowledge of the issues underlying the action.  No. 07-CV-11706, 2010 WL 1417644, at *1–2 (E.D. Mich. Apr. 5, 2010) (acknowledging plaintiffs' position that "the opt-in Plaintiffs have no individualized knowledge of the statistical analysis required to prove disparate impact, and have no particular knowledge of the facts which form the basis of the disparate treatment claim").  *Allen* thus is plainly distinguishable from this case, in which Ms. Jibowu has personal knowledge about how she performed (or misperformed) her managerial duties at Target.

As to the remaining two cases (in which her counsel represented the plaintiffs, and therefore are well aware of the facts), she unfortunately fails to note that they were decided *after* conditional certification had been granted and that, before the court imposed time limitations of fewer than seven hours on depositions of *opt-in* plaintiffs, the deposition of at least one named plaintiff had *already taken place* in each case, not subject to the time limitations cited by Ms. Jibowu.  *See* Pltffs.' Br. in Supp. of Mot. for Conditional Certification in *Goodman v. Burlington Coat Factory Warehouse Corp.*, No. 11-CV-4395, 2012 WL 10864523 (D.N.J. Apr. 30, 2012) (in brief filed pre-conditional certification, and approximately four months prior to decision cited by Ms. Jibowu, plaintiffs noted that defendants already had opportunity to depose named plaintiff and two opt-in plaintiffs); Ltr. from Attorney Meireles in *Lawson v. Love's Travel Stops & Country Stores, Inc.*, No. 1:17-cv-01266-CCC, at Dkt #58 (M.D. Pa. filed Jan. 29, 2018) (in letter written pre-conditional certification, and approximately six months prior to decision cited by Ms. Jibowu, plaintiffs acknowledged that named plaintiff Given's deposition already had taken place).  These decisions, limited to the scope of representative discovery *post*-conditional certification, shed no light whatsoever on whether additional time to depose Ms. Jibowu, the named plaintiff in this case, is necessary and warranted.

Without any basis, Ms. Jibowu accuses Target of seeking a "do over" and engaging in a "ruse" by requesting sufficient time to fully and fairly depose the named plaintiff in a large and complex class and collective action.  As its initial letter dated October 3, 2018 (ECF 45), makes clear, Target does not seek to revisit areas already covered, but rather examine Ms. Jibowu on additional topics not yet addressed.  Ms. Jibowu cites to brief excerpts of the deposition transcript to argue that Target has already elicited testimony on some of the proposed topics for the continued deposition.  These cherry-picked sound bites hardly reflect a fulsome examination of these topics central to the dispute in this matter.  Moreover, Ms. Jibowu's testimony quoted in the response letter directly contradicts her own statements about her managerial responsibilities at Target as reflected in her performance reviews and other Target records.  Target is therefore entitled to test Ms. Jibowu's current testimony by presenting her with prior contradictory statements, but it was unable to do so as a result of her dilatory conduct at the deposition.

For the reasons cited in its original letter, Target it is entitled to a slight enlargement of the time to fully and fairly depose Ms. Jibowu, and respectfully asks the Court to so order.

### Ms. Jibowu's Charge That Target Sandbagged Her with a Deposition Exhibit Is Both Unfounded and Unbecoming

Target also takes this opportunity to refute the charge in Ms. Jibowu's letter that during her deposition, Target tried to sandbag her with an exhibit that had not been previously produced in discovery.  In particular, Ms. Jibowu's accusation that Target tried to "slip one by" her is unfounded, as well as unbecoming of counsel who should strive to maintain a civil tone in this litigation.

PAUL
HASTINGS

Hon. Cheryl L. Pollak
October 16, 2018
Page 4

At the deposition, Target marked as Exhibit 16 a Target form document, called "LOD Basics," which was not specific as to Ms. Jibowu. As Target explained to counsel at the time,[3] the decision to use the document as an exhibit at the deposition was made at the last minute, in the course of the day, and it simply slipped Target's counsel's attention that it had not previously been produced. Moreover, there was no agreement in place that Target had to produce all exhibits before the deposition took place (though Target would have had no problem with doing so). When Ms. Jibowu said she had not seen the document before, Target asked only a few questions about it, and moved on. The utility of the document in the deposition was minimal.

Without any basis, Ms. Jibowu accuses Target of trying to disguise the fact that the document had not previously been produced by placing the exhibit sticker where the Bates-stamp "would" have appeared had the document been produced in discovery, so as to induce Ms. Jibowu's counsel to mistakenly believe the document had been produced, but the Bates-stamp was simply covered by the exhibit sticker. As with all other documents used as exhibits at the deposition, the exhibit sticker was placed in the bottom right-hand corner of the document, where there was no document text. The exhibit sticker did not cover the Bates-stamp on any other document, so there would have been no reason to assume that the sticker on this document was covering the Bates-stamp.

To resolve counsel's concern, even though there is no obligation to do so, Target has offered to confirm that it will produce all documents it anticipates introducing at a deposition before the deposition, if plaintiffs will agree to the same. To date, plaintiffs have not responded to Target's offer.

Thank you for your attention to this matter, and we look forward to resolving these issues at the October 31, 2018, status conference.

Respectfully submitted,

*Jeffrey D. Wohl*

Jeffrey D. Wohl
Attorney for Defendant Target Corporation

cc:   All counsel of record

---

[3] Target directs the Court's attention to Ms. Jibowu's deposition at 348:6–352:4 for Ms. Jibowu's counsel's colloquy and Target's counsel's response.

LEGAL_US_W # 96100020.7