UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------X
PRISCILLA JIBOWU, on behalf of herself
and all others similarly situated,

                          Plaintiffs,

               -against-                   **ORDER**
                                          17 CV 3875 (PKC) (CLP)

TARGET CORPORATION, *et al.*,

                          Defendants.
-------------------------------------------------------------X
**POLLAK**, United States Magistrate Judge:

On June 28, 2017, plaintiff Priscilla Jibowu commenced this action, pursuant to the Fair Labor Standards Act ("FLSA"), bringing claims of overtime violations on behalf of herself and other similarly situated employees of Target Corporation ("Target"). Currently pending before this Court is a dispute as to Target's request to depose Ms. Jibowu for an additional half-day.

## DISCUSSION

Defendants conducted Ms. Jibowu's deposition on September 17, 2018. (10/3/18 Defs.' Ltr. at 1).[1] Defendants deposed Ms. Jibowu for over seven hours, with plaintiff's counsel conducting an additional approximately thirty minutes of deposition, producing a deposition transcript consisting of 426 pages. (Pl.'s Ltr. at 1).[2] Defendants contend that plaintiff's deposition should be reopened because "Target needs an additional half-day . . . because there are additional areas it wishes to examine plaintiff about, which were not addressed at all, or in any meaningful way." (10/3/18 Defs.' Ltr. at 2). Specifically, defendants state they wish to examine plaintiff about her "annual performance reviews, which are replete with admissions

---

[1] Citations to "10/3/18 Defs.' Ltr." refer to defendants' letter filed October 3, 2018, ECF No. 45.
[2] Citations to "Pl.'s Ltr." refer to plaintiff's letter filed October 10, 2018, ECF No. 47.

about her managerial accomplishments . . . specific, documented instances of plaintiff disciplining and coaching employees . . . specific, documented instances of plaintiff interviewing and selecting new team members . . . specific documented instances of plaintiff recommending team members for promotion" as well as "details of Target's wage-statement violations alleged by plaintiff." (Id.) Defendants further argue that they need additional time to depose plaintiff "not only because of the scope of the topics to cover, but also because plaintiff was highly uncooperative," arguing that plaintiff "evaded questions and wasted valuable deposition time by simply repeating statements that did not answer the straightforward questions posed." (Id.)

Plaintiff contends that Ms. Jibowu "answered literally hundreds of questions forthrightly" and that her answers were responsive to defendants' questions. (Pl.'s Ltr. at 2). Plaintiff further argues that for some of the areas Target argues were not addressed, specifically, plaintiff hiring new team members and recommending promotions, Target actually "already has testimony directly responsive to this topic, from which it is clear that further examination will not prove fruitful." (Id.)

Rule 30 of the Federal Rules of Civil Procedure limits a deposition to seven hours unless otherwise stipulated or ordered by the Court. The Court "must allow additional time . . . if needed to fairly examine the deponent or if the deponent, another person, or any other circumstance impedes or delays the examination." Fed. R. Civ. P. 30(d)(1). The party moving to re-open a deposition must make a showing of good cause. Carmody v. Village of Rockville Ctr., No. 05 CV 4907, 2007 WL 2177064, at *2 (E.D.N.Y. July 27, 2007). The determination "of whether good cause exists is fact specific." Id. Rule 26(b)(2)(C), referenced in Rule 30, "requires a court to restrict discovery if "the discovery sought is unreasonably cumulative or duplicative," if "the party seeking discovery has had ample opportunity to obtain the

information" sought, or "the burden or expense of the proposed discovery outweighs its likely benefit, considering the needs of the case, the amount in controversy, the parties' resources, the importance of the issues at stake in the action, and the importance of the discovery in resolving the issues."" Arista Records LLC v. Lime Grp. LLC, No. 06 CV 5936, 2008 WL 1752254, at *1 (S.D.N.Y. Apr. 16, 2008) (citing Fed. R. Civ. P. 26(b)(2)(C)(i)-(iii)).

Target presents a number of cases that it contends support its request to re-open plaintiff's deposition for one half-day. (See 10/17/18 Defs.' Ltr.[3] at 2) (citing eight cases). The cases to which Target cites, however, present different factual situations from the instant case. In these cases, extenuating situations emerged during the deposition to warrant re-opening the deposition: undisclosed dyslexia of the deponent requiring additional time to review documents, see Yeti Coolers LLC v. RTIC Coolers, No. 15 CV 597, 2016 U.S. Dist. LEXIS 180613 (W.D. Tex. December 30, 2016), failure to produce records relevant to the deposition until the day of or after the deposition, e.g., Holmes v. N. Tex. Health Care Laundry Coop. Ass'n, No. 15 CV 2117, 2016 U.S. Dist. LEXIS 60256 (N.D. Tex. May 6, 2016); Caputi v. Topper Realty Corp., No. 14 CV 2634, 2015 U.S. Dist. LEXIS 89328; Umbach v. Carrington Inv. Partners, LP, No. 08 CV 484, 2012 WL 4854657 (D. Conn. Oct. 11, 2012), and ending the original deposition early. See Rahman v. Smith & Wollensky Rest. Group, Inc., No. 06 CV 6198, 2009 U.S. Dist. LEXIS 3510 (S.D.N.Y. Jan 7, 2009) (granting additional time where initial deposition ended after 5.5 hours in observance of Ramadan).

That is not the case here. Target deposed Ms. Jibowu for seven hours and questioned her about each of the areas it now wishes to re-examine plaintiff about. Target questioned plaintiff regarding her annual performance reviews, including by reference to two different self-audit

---

[3] Citations to "10/17/18 Defs.' Ltr." refer to defendants' letter filed October 17, 2018, ECF No. 50.

documents plaintiff completed and her 2014 performance review; about disciplining and coaching employees, including regarding plaintiff's emails about coaching specific employees; and about her involvement in employee hiring and promotions. Target also questioned Ms. Jibowu regarding many additional documents that were produced prior to her deposition. Target's failure to raise questions about "specific, documented instances" during these lines of questioning, or to ask a question about her wage-statement allegations, is insufficient to re-open Ms. Jibowu's deposition. The Court further notes that 25 pages of the deposition transcript were spent discussing Ms. Jibowu's resume, time that might better have been spent on the topics defendants argue were not sufficiently addressed.

"In a case such as this, where the witness does not need to be examined concerning a large number of documents and there is no need to use an interpreter, factors relevant to the determination of good cause would ordinarily include whether the time previously afforded for the deposition was used efficiently and whether there are additional relevant areas of inquiry." Margel v. E.G.L. Gem Lab Ltd., No. 04 CV 1514, 2008 WL 2224288, at *8 (S.D.N.Y. May 29, 2008) (denying a motion to re-open deposition).

The Court has examined the 462 page deposition transcript in this case. While true that for certain limited segments of the transcript Ms. Jibowu failed to answer the specific question posed, it is also certainly the case that she was largely cooperative and answered the questions presented to her. Moreover, contrary to Target's description of its questions as "straightforward," many of the questions posed by Target consisted of compound questions in response to which the witness multiple times either asserted she did not understand the question or indicated she was unfamiliar with words used by Target's attorney. Target frequently did not rephrase or re-articulate its questions, leading Ms. Jibowu to continue to give the same

responses. See Arista Records LLC v. Lime Grp. LLC, 2008 WL 1752254, at *2 (stating that "questioners are responsible for prioritizing the topics examined and asking questions that are sufficiently clear, precise, and non-cumulative to move the deposition along efficiently").

Given that for the vast majority of plaintiff's seven hour deposition she was cooperative and answered the questions asked of her, and absent further extenuating circumstances necessitating re-opening plaintiff's deposition, the Court finds there is insufficient good cause to re-open the deposition and defendants' request to re-open is therefore denied.

## CONCLUSION

In light of the above, the Court Orders that defendants' request to depose Ms. Jibowu for an additional half-day is denied.

The Clerk is directed to send copies of this Order to the parties either electronically through the Electronic Case Filing (ECF) system or by mail.

**SO ORDERED.**

Dated: Brooklyn, New York
October 30, 2018

/s/ Cheryl L. Pollak
Cheryl L. Pollak
United States Magistrate Judge
Eastern District of New York