

# HEPWORTH, GERSHBAUM & ROTH, PLLC.
192 LEXINGTON AVENUE, SUITE 802, NEW YORK, NEW YORK 10016
HGRLAWYERS.COM T: (212) 545-1199 F: (212) 532-3801

January 24, 2019

**VIA ECF**
Hon. Cheryl L. Pollak
United States District Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn, NY 11201

    Re:   *Jibowu v. Target Corporation, et al.*
            No. 1:17-cv-03875 (PKC)(CLP)

Dear Judge Pollak:

    With co-counsel, we represent the named and opt-in Plaintiffs ("Plaintiffs") and write in response to Defendants' (collectively "Target") January 17, 2019, letter requesting production of text messages from Plaintiff Pricilla Jibowu and a recording made by Opt-in Ashley Bleem. *See* Dkt. No. 57. Target has filed yet another meritless discovery motion, seeking to continue to slow down the process of Plaintiff getting a motion on file for notice and conditional certification in this FLSA misclassification case. This time, Target seeks discovery of (1) texts that Plaintiff has already agreed to produce and (2) a tape recording that is outside the statute of limitations of Plaintiffs' claims. A status conference is scheduled with the Court on January 28, 2019.

    Notwithstanding what Target alleges, there is no actual dispute about Ms. Jibowu's text messages. In a December 7, 2018 letter to Target, Plaintiffs confirmed they would be producing these texts. It is noteworthy that, after Plaintiffs sent their December 7th letter, Target never reached out to confer about this discovery issue. Thus, it failed to exhaust its conferral requirement in its January 17, 2019 letter. Seeking the Court's assistance is premature and improper under this Court's Rules. S*ee* L.R. 37.3(a). The production of the texts will be made.

    Regarding the recording made by Opt-in Ashley Bleem, Plaintiffs object to this production on the grounds that it was made and describes events relating to Ms. Bleem's work prior to the statutory period at issue in her case. This objection is entirely proper under relevant case law. *See Hammond v. Lowe's Home Center, Inc.,* 216 F.R.D. 666, 672 (D. Kan. Aug. 15, 2003) (limiting discovery in FLSA case to three-year period prior to last alleged violation); *Long v. Landvest Corp.*, 2006 WL 897612, at *7 (D. Kan. March 31, 2006)(finding that discovery covering the three-year period prior to Plaintiffs' termination to be a reasonable discovery period); *Ruggles v. WellPoint, Inc.*, 591 F.Supp.2d 150, 163 (N.D.N.Y. Nov. 6, 2008)(accepting that the relevant period for disclosure shall be three years); *Acosta v. Wellfleet Communications*, LLC, 2017 WL 5180425, at *6 (D. Nev. 2017) (finding that discovery should be conducted inclusive of three years before the FLSA complaint filed).

    Target has ready access to literally thousands of documents that relate to Ms. Bleem's

employment and day-to-day duties and responsibilities within the statutory period, which for Ms. Bleem begins on September 14, 2014 (three years before she filed her consent to join). Target produced 5,722 documents related to Ms. Bleem. Based on Plaintiffs' review, Target produced no communications for Ms. Bleem before 2014. Ms. Bleem produced over a thousand pages of documents. Plaintiffs are producing discoverable materials from all the Opt-in Plaintiffs' (including Ms. Bleem's) phones, online accounts, email accounts, and other hard copy files—all responsive to Target's discovery requests. Target also deposed Ms. Bleem for well over eight hours (inclusive of re-direct), including the conversation that Ms. Bleem taped. In addition, during Ms. Bleem's deposition, counsel for Target questioned Ms. Bleem on five performance related documents and several other Target policy documents all aimed at eliciting testimony about her performance at Target. Thus, not only is the discovery it now seeks irrelevant, but it is "unreasonabl[y] cumulative or duplicative" within the meaning of Fed. R. Civ. P. 26(c)(i).

Target makes two arguments – relevance and waiver. Neither makes the recording properly discoverable. Target's contention that discovery related to Ms. Bleem's (or any other Opt-in's) work outside of the statutory period is relevant is incorrect. As noted, cases view otherwise. Nor were we able to find any case law supporting Target's argument that Plaintiffs' daily work activities outside the statutory period are germane to a FLSA misclassification claim. And neither has Target, since it cites none. What Ms. Bleem or an Opt-in did outside the statutory period is not probative to their claims (even if Ms. Bleem performed the same, similar or different work during the statutory period). Accordingly, Target's motion should be denied. It is also worth noting that Target itself has not produced every document in its client's possession related to the Plaintiff and the Opt-ins. In short, Target's demand is yet another thinly veiled attempt to use the discovery process to burden and harass Plaintiff and Opt-ins. Besides receiving literally every document in Ms. Bleem's possession that relates in any way to her employment at Target during the statutory period, Target was given every opportunity to question Ms. Bleem about them. Target is hypocritically asking this Court to apply a standard to Plaintiffs that it has no intention of applying to its own discovery responses. If this Court entertains this fishing expedition Plaintiffs respectfully requests the Court make its order reciprocal and require Target to similarly search and produced all materials, including communications beyond the statutory period.[1]

Target also argues that the recording may lead to the discovery of reoccurring problems with Bleem's job performance. That is outlandish. Ms. Bleem was employed by Target for four years and was not terminated for cause (she left Target of her own accord); Target's justification is a pretext and should not be countenanced.

---

[1] Unlike an employee's work experience, the only documents in a FLSA lawsuit that warrant production outside of the statutory period are those materials related to an employer's good faith defense and willfulness, as decisions concerning the classification of a position are frequently made well in advance of Plaintiff's employment and certainly well in advance of the statutory period. As cases recognize, discovery thus relevant to a corporate employer's state of mind can regularly extend to matters prior to the time period of employee plaintiffs' claims. *See, e.g., Baker v. D.A.R.A. II, Inc.*, 2008 WL 191995, at *1 (D. Ariz. Jan. 22, 2008) (investigation by Department of Labor into an employer five years before the beginning of the statutory period was evidence of defendant's reckless disregard of the requirements of the FLSA).

Hon. Cheryl L. Pollak
January 24, 2019
Page 3 of 3

     Finally, Target mistakenly argues that it is entitled to discovery materials beyond the statutory period because Ms. Bleem waived her objection to production of discovery outside the statutory period by amending her objection. The cases Defendants rely on in support of its motion are inapposite because in each case, the responding party did not timely respond to discovery and then, later, objected with responses. Meaning that each case cited relates to late objections, not supplemental responses. That did not happen here: Ms. Bleem timely submitted her Response to Defendants' First Requests for the Production of Documents on March 30, 2018, and after she found additional, responsive materials she served her Supplemental Response to Defendants' First Requests for the Production of Documents. This practice is entirely proper and cannot have waived Ms. Bleem's objections. In her initial response, Ms. Bleem objected to the Request at issue as unduly burdensome and unlimited in time and scope. When Plaintiffs' Counsel became aware that there was also a recording in connection with the objection, they advised Target that Ms. Bleem was withholding a document as a result of this objection, by amending her response to make this clear.

     Opt-in Plaintiff Bleem acknowledges her discovery obligations. These obligations do not entitle Target to unfettered discovery and abuse of the process to harass the Opt-ins. For the reasons set forth in this letter, Defendant's motion to compel should be denied in its entirely. Plaintiffs take no position in connection Defendants' motion to seal. *See* Dkt. No. 58.

                                                    Respectfully submitted,

                                                    Rebecca S. Predovan, Esq.

Cc: Counsel of Record