# PAUL HASTINGS

**Jeffrey D. Wohl**
415 856 7255
jeffwohl@paulhastings.com

July 14, 2020

**VIA ECF**

Hon. Pamela K. Chen
United States District Judge, Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

Re: *Jibowu v. Target Corporation*, E.D.N.Y. No. 17-cv-03875 (PKC)(CLP)

Your Honor:

On behalf of defendant Target Corporation, we respond to Mr. Lesser's letter dated July 8, 2020 (ECF 123), regarding the Magistrate Judge's report and recommendation in *Outlaw v. Red Robin Int'l*, 2:18-cv-04357-GRB-AYS (E.D.N.Y. July 7, 2020). As a preliminary matter, since the report and recommendation has not been adopted by the District Judge, it currently does not carry any weight as a precedent, and ultimately it may not be adopted by the District Court. *See* Fed. R. Civ. P. Rule 59(a). Even if it is adopted, there are substantial differences between the facts in *Red Robin* and those presented here that make the report and recommendation inapposite. Notably, Mr. Lesser omits the key facts upon which the Magistrate Judge based her conclusions:

> Plaintiff has shown that Defendant maintains uniform job descriptions for all kitchen managers and assistant managers throughout its restaurants. But even more significant is the evidence that Defendant has a company-wide policy of limiting overtime work, a standardized training regimen, centralized accounting, payroll and human resources/personnel systems that allows Defendant to maintain consistency and uniformity throughout its locations and track each restaurant's record. Plaintiff has also identified Defendant's centralized system of staffing all its restaurant manager positions using a single online platform and utilizing corporate talent recruiters to track, maintain, and make restaurant manager staffing recommendations, rather than at the level of individual restaurants.

Report and Recommendation at 10–11. Many of these critical facts are not present here:

- There is no single job description for plaintiff's putative collective, and she admits that as an ETL-Salesfloor, she did not perform some of the responsibilities listed in other job descriptions. (Dft.'s Oppth. to Cond. Cert. Mtn. [ECF 80] at 4.)

- There is no standardized training at issue here. All ETLs receive role-specific training for twelve weeks, including individualized coaching, mentoring, and on-the-job training at their home store. (ECF 80 at 5.) Plaintiff's own declarations reveal the varied nature of the training that plaintiff and other ETLs underwent. (*Id.* at 10.)

- There is no centralized staffing system used at all Target locations. Plaintiff's own documents show staffing decisions are made at the individual store level. (*See, e.g.*, Declaration of Fran Rudich, Exh. 9 [ECF 79-11] at TGT-Jibowu094855 (ETL Sales

Paul Hastings LLP | 101 California Street | Forty-Eighth Floor | San Francisco, CA 94111
t: +1.415.856.7000 | www.paulhastings.com

LEGAL_US_W # 103821780.8

# PAUL HASTINGS

Hon. Pamela K. Chen
July 14, 2020
Page 2

>Floor, Front End and Food have responsibilities to "analyze schedules to ensure proper staffing levels"); Rudich Decl. Exh. 3 [ECF 79-5], ¶ 13 (alleging the *Store* Team Leader and HR department had final discretion over scheduling decisions).)

These critical differences belie Mr. Lesser's assertion that this is "materially the same case."

Additionally, the authorities referenced in *Red Robin* (see Report and Recommendation at 9–10) do not support the claim that differences in position are irrelevant to conditional certification. Two of those decisions contain little to no meaningful discussion of defendants' evidence regarding differences in job titles because the motion for conditional certification was either unopposed, *Ritz v. Mike Rory Corp.*, No. 12 CV 367(JBW)(RML), 2013 WL 1799974, at *1 (E.D.N.Y. Apr. 30, 2013), or challenged simply on the basis that plaintiffs' evidence was too conclusory, *Calderon v. King Umberto, Inc.*, 892 F. Supp. 2d 456, 459 (E.D.N.Y. 2012). This is a far cry from the record here, where plaintiff's own evidence supports variations in ETL job duties, even within the same job classification.

Two other cited decisions are premised on the very minimal discovery that had taken place prior to the motion for conditional certification. *Iglesias-Mendoza v. La Belle Farm, Inc.*, 239 F.R.D. 363, 368 (S.D.N.Y. 2007); *Summa v. Hofstra Univ.*, 715 F. Supp. 2d 378, 391 (E.D.N.Y. 2010) (quoting *Iglesias-Mendoza* regarding the limited discovery that had taken place in the matter; order granting conditional certification entered just one year after case initiated). Here, where years of discovery preceded plaintiff's motion, the evidentiary burden to sustain a motion for conditional certification is much higher than the lenient standard applied in those decisions. (*See* Dft.'s Opptn. to Cond. Cert. Mtn. at 14 (citing *Korenblum v. Citigroup, Inc.*, 195 F. Supp. 3d 475, 480 (S.D.N.Y. 2016).).

Lastly, in *Sultonmurodov v. Mesivta of Long Beach*, No. 15-CV-1654(LDW)(AYS), 2015 WL 9273948 (E.D.N.Y. Dec. 17, 2015) multiple plaintiffs submitted detailed affidavits setting forth their factual nexus with other putative collective members in different job classifications. *Id.* at *5 ("The affidavits are not boilerplate, but instead, refer to conversations with named janitors discussing circumstances similar to those of Plaintiffs with regard to the payment of wages"). Here, plaintiff and opt-in ETLs proffer only their own, personal experiences and their conclusory observations of other ETL employees. (*See* Rudich Decl., Exh. 5 [ECF 79-7], ¶¶ 12–14 (alleging conclusory statements based on undetailed "personal observation" and unspecified "conversations"). In most cases, they are devoid of the details present in *Sultonmurodov* regarding the identities of allegedly similarly situated coworkers, the frequency of communications, or how often coworkers performed the alleged non-exempt work without overtime pay.

For all these reasons, the *Red Robin* report and recommendation does not support granting conditional certification here. We thank the Court for its continuing attention to this matter.

Sincerely,

*Jeffrey D. Wohl*

Jeffrey D. Wohl

cc:     All counsel of record (via ECF)

LEGAL_US_W # 103821780.8